# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

CHAD M. MARTINEZ,

        Petitioner,

v.                                            Case No. 09-CV-871

TOM MILLER,

        Respondent.

_____

## ORDER

Petitioner Chad Martinez ("Martinez") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 10, 2009. Martinez challenges the revocation of his release from custody on his state court conviction for second degree sexual assault of a child. Martinez was originally convicted by a Milwaukee County jury in October 2000. As required, the court will conduct an initial screening of Martinez's petition under Rule 4.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has

avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Martinez's petition. Section 2254 petitions have a one-year limitation period in which a state prisoner must seek federal habeas relief. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of: 1) the date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review; 2) the date on which the state impediment to filing is removed; 3) the date on which the right is initially recognized by the Supreme Court; or 4) the date on which the factual predicate of the claim could have been discovered though due diligence. 28 U.S.C. § 2244(d)(1)(A-D).

Martinez's petition appears timely. Martinez asserts that he was taken into custody by the Department of Community Corrections on July 1, 2009, though he does not specify the particular date that he was revoked. Regardless, Martinez filed the instant § 2254 petition only two months later, on September 10, 2009. Therefore, Martinez filed his petition within the one year limitations period, rendering it timely filed.

The court continues its Rule 4 review by examining Martinez's petition to determine whether he exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell*

*v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). This means that the petitioner must assert his claims through one complete round of state court review, concluding with presentation to the state supreme court. *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004); *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim, or amending and resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Martinez raises four claims in his § 2254 petition: 1) violation of due process arising when he was denied a preliminary revocation hearing; 2) violations of the First and Eighth Amendments arising when Martinez's parole agent confiscated 15 embossed envelopes from him; 3) violation of his "right of association" and "right to rear [his] children" occurring when his agent denied Martinez visitation with his children; and 4) violations of the First and Eighth Amendments arising from verbal and mental abuse by his agent, such as being told to "shut up." However, Martinez provides no indication that he presented any of his claims to the Wisconsin courts. Martinez offers no explanation for his failure to exhaust state remedies on his first

-3-

claim, and offers only that he is afraid of his parole agent as explanation for his failure to exhaust the other three claims.

Martinez did not present his claims to the Wisconsin state courts. Consequently, this court cannot consider the merits of his habeas claims. When a petitioner raises unexhausted claims, the federal court must dismiss the petition without prejudice to allow the petitioner to return to state court. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). After he exhausts his claims in state court, Martinez may then return to federal court and present his claims in a new habeas petition. *See id*. at 275.

Accordingly,

**IT IS ORDERED** that Martinez's petition for a writ of habeas corpus pursuant to § 2254 (Docket #1) be and the same is hereby **DISMISSED without prejudice**. Petitioner must exhaust his state court remedies before filing any new petition for habeas relief.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2009.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge